**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000642
22-JAN-2013
08:00 AM**

NO. CAAP-11-0000642


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILFRED P. KIN CHOY, SR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 11-1-0035(3))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Wilfred P. Kin Choy, Sr. (Kin Choy) appeals from the June 28, 2011 Judgment entered by the Circuit Court of the Second Circuit (circuit court),[1] convicting him of one count of Assault in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-711 (1)(d) (Supp. 2012).[2]

Kin Choy raises three points on appeal. He argues that (1) the circuit court erred in denying (a) his motion in limine to exclude the obscenity and racial slur he allegedly uttered to

---

[1]     The Honorable Joseph E. Cardoza presided.

[2]     HRS § 707-711(1)(d) currently provides, as it did at the time of the offense,

> (1)   A person commits the offense of assault in the second degree if:
>
>       . . . .
>
>       (d)   The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

the Complainant and failed to issue a limiting instruction; and (b) his motion to exclude the alleged spontaneous statements he made to Officer Daniel Devine (Officer Devine); and (2) that the evidence was insufficient to support his conviction.

After a careful review of the issues raised, the arguments made by the parties, the applicable authority, and the record, we resolve Kin Choy's points on appeal as follows:

(1)(a)  The circuit court was correct in denying Kin Choy's motion in limine based on its determination that the evidence was highly relevant to the issue of Kin Choy's intent as it provided a motive for his actions in what otherwise appeared as a random, unprovoked attack.  See, e.g., King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) ("[E]xtensive evidence of appellant's hatred for African-Americans, including his graphic tattoos and drawings, is evidence that appellant had a motive to kill [complainant] because of his race.")  Given the highly probative nature of the evidence, the circuit court did not abuse its discretion when it determined that the probative value was not substantially outweighed by its prejudicial effect.  See, Hawaii Rules of Evidence, Rule 403; Kaeo v. Davis, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986) (Whether relevant evidence is admissible under Rule 403 is a determination well-suited to a trial court's exercise of discretion because it requires a "cost-benefit calculus" and a "delicate balance between probative value and prejudicial effect.") (citation and internal quotation marks omitted).

Moreover, the circuit court informed counsel that its ruling was preliminary, subject to further presentation by counsel at trial.  Kin Choy did not subsequently renew his objection or present additional arguments or evidence at trial.

While no specific limiting instruction was given, none was requested.  The circuit court did instruct the jury that it "must not be influenced by pity for the defendant or by passion or prejudice against the defendant."

(1)(b)   The circuit court was correct when it refused to suppress Kin Choy's statements to Officer Devine.  Kin Choy contends that the statements he made to Officer Devine took place during a custodial interrogation and that he was not advised of his Fifth Amendment rights prior to being questioned.  Officer Devine testified that he did not ask Kin Choy any questions before Kin Choy made his statements.  Kin Choy argues that because he was in custody and Officer Devine approached him under circumstances that Kin Choy would have understood he was the focus of the investigation, Officer Devine's words and actions were reasonably likely to cause Kin Choy to give a response.  Kin Choy has failed to establish that his statements were the product of interrogation by the officer.  State v. Paahana, 66 Haw. 499, 502, 666 P.2d 592, 595 (1983).  ("[I]f defendant's statements were made independently of any custodial interrogation, prior Miranda warnings need not be given and defendant's statements are admissible at trial.")

(2)   There was sufficient, substantial evidence presented at trial.  The Complainant testified that he was sharply hit on the back of the head, causing him "a lot of pain" and knocking him to the ground.  Upon getting up, he saw Kin Choy standing over him, holding a wooden pole, and screaming obscenities at him.  Complainant testified that as a result, he suffered a swelling on his head that was still present, to a lesser degree, at trial.  Officer Brianna Stice testified that, on the date of the incident, she observed a lump on Complainant's head, about a dime in circumference and a half-inch high.  "When taken as a whole, legitimate and reasonable inferences drawn from the evidence supported the jury's unanimous verdict."  State v. Griffin, 126 Hawai'i 40, 58, 266. P.3d 448, 466 (App. 2011)

(citing <u>State v. Eastman</u>, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996)).

Therefore, the June 28, 2011 Judgment entered by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 22, 2013.

On the briefs:

Davelynn M. Tengan,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge